Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9105 | **DATE** | 8/13/2012 |
| **CASE TITLE** | Pearlie G. Mitchell, et al. vs. J.C. Penney Co., Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss [18] is denied. Plaintiffs' Motion to Extend Time to File Response to Defendant's Motions to Dismiss and Other Current Filings Requiring a Response or Action by Plaintiffs [27] is denied as moot.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiffs Pearlie G. Mitchell ("Pearlie") and Ullen Eugene Mitchell (collectively, "Plaintiffs") sue J.C. Penney Co., Inc. ("J.C. Penney") and Schindler Elevator Corporation ("Schindler") (collectively, "Defendants") for negligence and loss of consortium. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556). In other words, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Id. (internal quotation marks and citation omitted). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id. (quoting Twombly, 550 U.S. at 556). The Court construes Plaintiffs' pro se pleadings liberally, see Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008), accepts as true all well-pleaded facts in the Complaint, and draws all reasonable inferences in their favor, Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc., 657 F.3d 496, 502 (7th Cir. 2011) (citation omitted). "Dismissal is proper if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (quoting Kennedy v. Nat'l Juvenile Det. Ass'n, 187 F.3d 690, 694 (7th Cir. 1999)).

As an initial matter, the Court notes that Plaintiffs' motion for extension of time to respond to the instant motion is currently pending before the Court. Upon review of Defendants' motion and Plaintiffs' pro se Complaint, however, it is clear that the allegations contained in the pro se Complaint satisfy Twombly and its progeny. Plaintiff's motion for extension of time to respond is therefore moot.

| STATEMENT |
|---|

Defendants argue that Plaintiffs failed to plead the necessary elements to support their claim for negligence. "'To state a claim for negligence, a plaintiff must plead a duty owed by a defendant to that plaintiff, a breach of duty, and injury proximately caused by the breach of duty.'" Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1148 (7th Cir. 2010) (quoting Bell v. Hutsell, 931 N.E.2d 299, 302 (Ill. App. Ct. 2010). Specifically, Defendants contend that Plaintiffs failed to allege that either J.C. Penney or Schindler owed Pearlie a duty.

"Whether a duty is owed presents a question of law, while breach of duty and proximate cause present questions of fact." Swearingen v. Momentive Specialty Chems., Inc., 662 F.3d 969, 972 (7th Cir. 2011) (citing Thompson v. Gordon, 948 N.E.2d 39, 45 (Ill. 2011)). Here, Plaintiffs allege that Pearlie suffered injuries while using an escalator at the JC Penney in the North Riverside Mall. According to Plaintiffs, as Pearlie was descending the escalator, two teenagers ran towards each other—one from the top and the other from the bottom—when the escalator "jerked" and "made a fast halt." Compl. ¶ 8. Plaintiffs further allege that Schindler "had a duty to regularly and routinely inspect, repair, service, manage and maintain" the escalator. Id. ¶ 13. Taking these allegations as true and drawing all reasonable inferences in Plaintiffs' favor, it is plausible that both Defendants owed Pearlie a duty. See, e.g., Reid v. Kohl's Dep't Stores, Inc., 545 F.3d 479 (7th Cir. 2008) ("In Illinois, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." (citations omitted)); Davlan v. Otis Elevator Co., 816 F.2d 287, 291 (7th Cir. 1987) (holding that a contractual maintainer of an elevator owes a legal duty to its passengers). Defendants motion to dismiss Plaintiffs' negligence claim is therefore denied.

Next, Defendants argue that Plaintiffs failed to plead the necessary elements of *res ipsa loquitur*. Plaintiffs, however, need not plead the elements of *res ipsa loquitur* as it is not a cause of action. Rather, it is a doctrine that "allows a plaintiff to prevail in a negligence case by showing that even if there is no direct evidence of negligence, the circumstances of the accident indicate that it probably would not have occurred had the defendant not been negligent." Clifford v. Crop Prod. Servs., Inc., 627 F.3d 268, 273 (7th Cir. 2010) (internal quotation marks and citation omitted). Defendants motion to dismiss Plaintiffs' allegation regarding *res ipsa loquitur* is denied.

Defendants also argue that Plaintiffs' theory of joint and several liability should be dismissed because it is not a cause of action. "A complaint that invokes a recognized legal theory (as this one does) and contains plausible allegations on the material issues (as this one does) cannot be dismissed under Rule 12." Richards v. Mitcheff, No. 11-3227, 2012 WL 3217627, at *2 (7th Cir. Aug. 9, 2012) (citing Erickson v. Pardus, 551 U.S. 89 (2007)). Thus, Defendants motion to dismiss Plaintiff's theory of liability is also denied.

Finally, Defendants aver that Plaintiffs' Complaint should be dismissed for impermissibly pleading numerous facts within each paragraph in violation of Rules 8(a) and 10(b). Defendants' argument is unavailing. Dismissal of a complaint under Rule 8 is proper if it is "unintelligible," United States ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003), or if "the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," St. John's United Church of Christ v. City of Chi., 502 F.3d 616, 625 (7th Cir. 2007) (internal quotation marks and citation omitted) (alteration in original); see also Srivastava v. Daniels, 409 F. App'x 953, 955 (7th Cir. 2011). Not so here. Plaintiffs' Complaint is sufficient to give Defendants fair notice of the claims against them. "Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case." United States ex rel. Garst, 328 F.3d at 378. Accordingly, Defendants' motion to dismiss Plaintiffs' Complaint is denied.

IT IS SO ORDERED.